Henderson, Judge,
 

 — .Whatever may be the character of the statement which the Defendant calls a settled account, it certainly is not such a statement or settlement, as precludes a bill for an account, and drives the Plaintiffs to a bill to surcharge and falsify. It may, and possibly should have some weight in taking the account, particularly where the person who stated it, as in the present case, is dead. It is not a stated account, because the adverse parties, had no compulsory process to compel the attendance of witnesses, or any right to controvert it. All that was conceded to them, veas a mere matter of courtesy, including notice, for it appears that they were
 
 present;
 
 but whether they had notice in time to prepare for an investigation does not appear. The principal objection however is, that they were not parties, and therefore could not compel the attendance of wit-nessés. Nor does it appear that the account had been rendered to them before-hand, so as to enable them to inform themselves of its correctness.
 

 
 *70
 
 It is next objected, that the hire of the negroes for the year 1819, ought not to be included; first, because it Is not within the charges in the bill: and secondly, if it is, it arose after the union of interests in the Plaintiffs had ceased. .
 

 As to the first point, I think it is within the charges of the bill. The bill calls for an account, until the division and delivery over of the slaves — for I must so understand it.. The allotment of the negroes between the mother and daughter, was made at the close of the year 1818, and the first part allotted to the mother, delivered toher; the Defendant retained the daughter's share a year longer, as I understand the bill, in connection with the proofs ; for it is not stated when that was delivered. The bill therefore contains a charge for 1819. As to the second point, viz. that the. bill is multifarious, asserting a separate interest in the daughter (after the division) in a joint suit with the mother. This I think is incorrect in point of fact. They had a common interest before the close of the year 1818, which continued until the division was ratified by the daughter.
 

 Notwithstanding the delivery to the mother, the mother and the daughter both retained their rights in the whole, until the daughter ratified the division
 
 ;
 
 for the consideration that the mother surrendered her claim to those allotted to the daughter, was the ratification of the allotment made to the mother. So that in strictness, ike property remained in common until the division became binding on both, as it could not bind one, unless it bound both.
 

 The Defendant is liable to pay full hire
 
 for
 
 the year 1819, for his intestate, when rendering his account, failed to include it — and even under these circumstances, I think the hire very high. Yet as it is according to the evidence filed, and we have no data by which to correct it, and to reduce it, we must refer the matter again to
 
 *71
 
 the Master, who with the same evidence \VouId make the same report, it must be submitted to with reluctance. 4 We would correct it; but the remedy might be worse than the disease.
 

 Per Curiam.
 

 — Let the exceptions be overruled and decree for the Plaintiffs.